**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>John Barry Heyward EL,<br><br><br>Debtor. | C/A No. 22-01884-DD<br><br>Chapter 7<br><br>**ORDER** |

This matter comes before the Court on a Motion for Mandamus (Dkt. No. 75; the "Motion") filed by Debtor John Barry Heyward EL on March 7, 2023. In the Motion, Debtor petitions the Court to issue a writ of mandamus requiring "the Trustee to contact J & J Towing of Sumter to bring back [a 2018 Kia which was on the exempt list of property listed with the Bankruptcy Court] to the private property of the Executor [Debtor John Barry Heyward EL] expeditiously without delay." For the reasons stated herein, the Motion is denied.

**FACTS**

The *pro se* Debtor in this case filed his voluntary chapter 7 petition on July 18, 2022. At the time of filing, Debtor owned a 2018 Kia Sorento (the "Vehicle"), which he initially valued at $22,961.00. (Dkt. No. 1). On July 27, 2022, Debtor filed amended schedules, in which he valued the Vehicle at $14,285.00. (Dkt. No. 29; the "Amended Schedules"). Schedule D ("Creditors Who Have Claims Secured by Property") of the Amended Schedules lists a creditor with a lien, though "disputed," on the Vehicle. The Debtor made no request, while the bankruptcy case was pending, to litigate or resolve the "dispute." On Schedule D of the Amended Schedules, Debtor listed the Vehicle as exempt pursuant to 11 U.S.C. § 524(f)(4).[1]

---

[1] There is no subsection (4) of § 524(f).

On September 13, 2022, the chapter 7 Trustee (the "Trustee") filed a report of no distribution in the case. (Dkt. No. 62; the "Report").  In the Report, the Trustee indicated that there was no property available for distribution from the estate over and above that exempted by law and that the estate had been fully administered.  The Report indicated that: The case was pending for 2 months. The value of assets that were abandoned (without deducting any secured claims), was $287,265.84; the value of assets that were exempt was "Not Available;" the value of claims scheduled was $165,370.00; the value of claims asserted was "Not Applicable;" and the value of claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge) was $165,370.00.

On November 16, 2022, an order was entered discharging Debtor and Trustee and closing the chapter 7 case. (Dkt. No. 73).  On March 7, 2023, nearly four months later, after the case was closed and Debtor was discharged, Debtor filed this Motion.  In the Motion, Debtor complains that the Vehicle was unlawfully taken from him and his property following the closing of the bankruptcy case.  Specifically, Debtor claims that an agent of J & J Towing of Sumter, LLC, came to his residence on March 3, 2023, to "steal" the Vehicle, "a 2018 Kia which was on the exempt list of property listed with the Bankruptcy Court."  In the Motion, Debtor claims that the Vehicle was "exempt from levy," and therefore, petitions the Court to issue a writ of mandamus requiring the Trustee to assist in contacting J & J Towing of Sumter to organize the Vehicle's return.

**LAW**

Mandamus is a "drastic" remedy that must be reserved for "extraordinary situations" involving the performance of official acts or duties. *See Cumberland Cnty Hosp. Sys., Inc. v.*

*Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)).  To establish the conditions necessary for issuance of a writ of mandamus, "the party seeking the writ must demonstrate that (1) [it] has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief [it] desires; and (5) the issuance of the writ will effect right and justice in the circumstances." *South Carolina v. United States*, 243 F. Supp. 3d 673, 681 (D.S.C. 2017), *aff'd*, 907 F.3d 742 (4th Cir. 2018), and *aff'd*, 907 F.3d 742 (4th Cir. 2018) (citing *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999).

Here, Debtor seeks the writ to compel the Trustee to contact J & J Towing of Sumter to return the Vehicle. Debtor justifies that request with arguments that the Vehicle was "exempt from levy," that the debt was "extinguished and discharged," and that therefore, the Vehicle was "stolen" when removed from his private property.  These arguments are not persuasive and do not warrant the relief sought.

The exemption in the Vehicle that Debtor claimed on his Schedule D was claimed under section 524(f) of the Bankruptcy Code, which is not an exemption statute but reflects that debtors may voluntarily pay discharged debt.  The exemption issue is instead controlled by 11 U.S.C. § 522(c), and the South Carolina exemption statute itself.  The State statute exempts property from attachment, levy, and sale under any mesne (intermediate) or final process - that is to say, from a judgment or pre-judgment attachment.  It does not grant an interest to debtors ahead of secured creditors.  The Bankruptcy Code exempts categories and

3

assets from the bankruptcy estate. *See Rousey v. Jacoway*, 544 U.S. 320, 325 (2005); *Clark v. Rameker*, 573 U.S. 122, 124 (2014).

The Bankruptcy Code provides: "property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except – (2) a debt secured by a lien that is: (A)(i) not avoided . . ." 11 U.S.C. § 522(c). The exceptions to the general rule provide that exempt property is not subject to pre-petition debt is for domestic support obligations, certain tax debts, and debts secured by unavoided liens. This section codifies the holding in *Long v. Bullard*, 117 U.S. 617, 620-21 (1886), which provides that unavoided liens pass through bankruptcy unaffected, permitting such creditors to pursue in rem remedies under applicable law once property is no longer subject to the 11 U.S.C. § 362(a) stay. This is so even if personal liability for the debt is discharged under chapter 7. *See Johnson v. Home State Bank*, 501 U.S. 78, 82-84 (1991) (recognizing the right to pursue in rem relief).

The Code provides that, even after a debtor's obligation is discharged, the bank retains a lien against the automobile to the extent of its value. *See Riggs Nat. Bank of Washington, D.C. v. Perry*, 729 F.2d 982, 985 (4th Cir. 1984). Therefore, no remedy is available in this instance or under an adversary proceeding (which would otherwise be required under Bankruptcy Rule 7001). The Debtor's schedules reflect a lien on the Vehicle, which, though disputed, was not avoided. It is not clear that the Trustee should be compelled to contact J & J Towing of Sumter to bring back the Vehicle in the absence of evidence that its actions were not on behalf of the secured creditor. Thus, Mandamus is not warranted. Further, Trustee has been discharged and has no further duty in this now-closed case.

## CONCLUSION

Because Debtor has failed to establish the elements required for issuance of a writ of mandamus, the Motion for a writ of mandamus is hereby DENIED.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/16/2023**



Entered: 03/16/2023

David R. Duncan
US Bankruptcy Judge
District of South Carolina

5